IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Action No. 09-cr-00055-PAB-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2. ENRIQUE ALEJANDRO LACALLO,

    Defendant.
_____

**ORDER**
_____

This matter comes before the Court on defendant Enrique Lacallo's Motion for Release from Detention [Docket No. 365] and Defendant Lacallo's Proffer of Facts in Support of Release [Docket No. 382]. The government has filed a response opposing the motion [Docket No. 391].

Mr. Lacallo's motion for release is based on three grounds: first, that he has "new evidence" that would justify his release pursuant to 18 U.S.C. § 3142(f); second, that he has not been brought to trial within 90 days of the commencement of his detention in violation of 18 U.S.C. § 3164; and third, that the duration and conditions of pretrial detention violate the Due Process clause of the Fifth Amendment. The Court will consider each of these arguments in turn.

    1.    **Request to Re-open Detention Hearing**

At Mr. Lacallo's request, a magistrate judge held a detention hearing on April 2, 2009. A transcript of this hearing is attached to the government's response as

Exhibit 1.  Task Force Officer Michael Prince testified at the detention hearing that Mr. Lacallo has been a member of the MS-13 gang since he was a teenager; that in 1995, while returning gunfire in a gang-related shooting, Mr. Lacallo shot and killed an innocent bystander; that Mr. Lacallo was a leader within the MS-13 gang in Los Angeles after he was paroled in 2008; that, during a February 27, 2008 telephone call, Mr. Lacallo told co-defendant Gerardo Lopez about stabbing an inmate in the Pelican Bay prison in California; that Mr. Lacallo ordered an attack on an inmate in the High Desert State Prison; and that, upon his arrest in this case, Mr. Lacallo had access to a .45 caliber pistol in his residence.  At the conclusion of the hearing, the magistrate judge found that Mr. Lacallo did not rebut the presumption of detention under 18 U.S.C. § 3142(e)(3) and that he had a history of violent conduct.  As a result, the magistrate judge ordered Mr. Lacallo detained.

In order to re-open a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142, the movant must present information that "was not known to the movant at the time of the hearing" which the Court finds "has a material bearing" on the issue of detention.  18 U.S.C. § 3142(f).  The Tenth Circuit has interpreted § 3142(f) to require that the same judge who conducted the detention hearing determine whether re-opening the hearing is appropriate.  *See United States v. Cisneros*, 328 F.3d 610, 614 (10th Cir. 2003) ("Revocation of a prior release order under § 3142(f) is available only when the review of a detention or release order is being conducted by the same judicial officer who entered the order"); *see also United States v. Anaya*, 376 F. Supp. 2d 1261, 1626-63 (D.N.M. 2005).  Therefore, this aspect of Mr. Lacallo's motion, along with

defendant's proffer [Docket No. 382], will be referred to the judicial officer who conducted the April 2, 2009 detention hearing, Magistrate Judge Boyd Boland.

2. **§ 3164 Violation**

Mr. Lacallo argues that he should have been brought to trial within 90 days of his detention and, therefore, pursuant to 18 U.S.C. § 3164, he should be released on conditions. Mr. Lacallo argues that, "[p]rior to the end of the 90 day period, Mr. Lacallo had not filed pretrial motions, had not sought a continuance, and had not taken other steps that would have tolled the time period pursuant to 18 U.S.C. § 3164(b) and 3161(h)." Docket No. 365 at 5. Section 3164(b) states, in part, that the "periods of delay enumerated in Section 3161(h) are excluded in computing the time limitation specified in this section."

The defendant appeared in the United States District Court for the Central District of California on February 24, 2009 after his arrest on the warrant issued in this case. On March 3, 2009, the United States filed a motion for an Ends of Justice Continuance Pursuant to 18 U.S.C. § 3161(h)(7)(A) [Docket No. 31], which was unopposed by the co-defendants who had appeared at that time. The Court granted such motion on March 18, 2009 and excluded 180 days from the Speedy Trial period. Mr. Lacallo made his initial appearance in this Court on March 24, 2009. After a detention hearing on April 2, 2009, he was ordered detained. On April 16, 2009 and on July 31, 2009, the Court held status conferences in this case. Counsel for Mr. Lacallo appeared at both hearings. At no time did Mr. Lacallo object to the deadlines set in this case or to his detention. On August 14, 2009, defendants filed an Unopposed Joint Defense Motion to Exclude Additional Time and for Ends of Justice Continuance under

the Speedy Trial Act [Docket No. 109]. Defendant joined this motion. The Court granted the defendants' request on August 25, 2009 and excluded an additional 120 days from the Speedy Trial period. On March 4, 2010, Mr. Lacallo filed an Unopposed Motion to Exclude Additional Time and for Ends of Justice Continuance [Docket No. 251].

Although Mr. Lacallo did not file any motions in the 90 days after his detention in California, he was subject to an order in the case excluding 180 days from the Speedy Trial period, which is excluded from § 3164. *See* § 3164(b). As a result, the 90 day period has not run in regard to Mr. Lacallo. Moreover, at no time during that 90 day period did Mr. Lacallo move for a severance or express his readiness for trial. In fact, the opposite occurred. He voiced no objection to the deadlines discussed in several status conferences and later joined a motion to exclude additional time from the Speedy Trial deadlines. *See United States v. McMillan*, 61 F.3d 917, 1995 WL 430162 (10th Cir. 1995) (unpublished table opinion). Under the circumstances, the Court does not find a violation of 18 U.S.C. § 3164.

    3.    **Due Process Claim**

Defendant further claims that his detention for over 19 months has violated his rights under the Due Process Clause. In considering a claim by a defendant that the length of his pretrial detention constitutes a Due Process violation, a district court should consider (a) the length of detention; (b) the extent of the prosecution's responsibility for the delay of trial; and (c) the strength of the evidence upon which the detention was based. *United States v. Cos*, 198 F. App'x 727, 732 (10th Cir. 2006).

4

The defendant has been detained in this case since February 24, 2009, i.e. 20 months. Although prolonged detention weighs in favor of a detainee's release, "[l]ength of detention 'will rarely by itself offend due process.'" *United States v. Millan*, 4 F.3d 1038, 1044 (2d Cir. 1993), quoting *United States v. Orena*, 986 F.2d 628, 631 (2d Cir. 1993). *See also United States v. Stanford,* --- F. Supp. 2d ----, 2010 WL 2745780 (S.D. Tex. July 7, 2010) (analyzing cases involving more than 19 months' detention). Defendant is facing minimum mandatory sentences of 10 years and 20 years on Counts One and Four, respectively. He has filed a number of motions and has asked for additional time to prepare for trial. Although the government filed the initial motion to exclude time under the Speedy Trial Act, the co-defendants did not oppose the government's motion and the defendant did not subsequently object. Thus, the Court does not find that the government is responsible for delay in this case. The Court does not find persuasive Mr. Lacallo's argument that his conditions of confinement in the Jefferson County Detention Facility should be considered in the Due Process analysis, especially given the government's evidence that his current conditions of confinement appear to be the result of Mr. Lacallo having participated in a riot on March 5, 2010. *See* Docket 391-2. Finally, the evidence adduced at Mr. Lacallo's detention hearing, and as found by the magistrate judge, shows clearly and convincingly that, given Mr. Lacallo's history of violence, no condition or combination of conditions will reasonably assure the safety of the community if he were released. Under these circumstances, the Court finds that the government has shown a strong and legitimate regulatory interest in Mr. Lacallo's continued detention that overcomes any implication that his

5

detention has assumed a punitive character. *United States v. Theron*, 782 F.2d 1510, 1516 (10th Cir. 1986).

Wherefore, it is

ORDERED that Defendant Lacallo's Motion for Release from Detention [Docket No. 365] is denied in part and referred in part. It is further

ORDERED that the portion of the Motion for Release from Detention concerning 18 U.S.C. § 3164 and a claimed Due Process violation is denied. It is further

ORDERED that the portion of the Motion for Release from Detention that requests that the detention hearing be re-opened is referred to Magistrate Judge Boyd Boland.

DATED November 1, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge